## Bradley, Appellant, *v.* Pierson et al.

*Conspiracy—Alleged unlawful combination of manufacturers—Action for damages.*

Plaintiff having gone on a strike for the purpose of securing an increase in wages, defendants, the firm by whom he had been employed, sent a notice to all the members of the Morocco Manufacturers Association, of which they were members, notifying them of the trouble with their men and requesting them not to employ any of them until the trouble was settled. Defendant brought suit to recover damages, alleging that in consequence of this notice he had been prevented from obtaining employment. The evidence produced by him showed that he had made application in only two instances, in one case to a firm which was not a member of the association and in the other case to a member of the association who, when he was called by the plaintiff, denied that he had refused him work:

*Held,* That the facts thus established by the plaintiff did not make out any case for damages against the defendants.

Argued March 23, 1892. Appeal, No. 461, Jan. T., 1891, by plaintiff, Joseph L. Bradley, from judgment of C. P. No. 1, Phila. Co., March T., 1890, No. 40, refusing to take off nonsuit entered on motion of Walter Pierson et al., defendants. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Trespass for damages for the alleged unlawful writing of a letter by which plaintiff claimed that he was deprived of employment in his trade.

At the trial, before BIDDLE, J., the evidence was to the effect that plaintiff and others, who were employed as morocco shavers by defendants, having been refused an increase in wages which they demanded, went on a strike, and that defendants, being members of the Philadelphia Morocco Manufacturers Association, sent a notice to the other members constituting that association, notifying them that their men had quit work and requesting them not to employ them until the trouble was settled.

Plaintiff testified that he made two applications for work, one to a firm in Wilmington, which firm was not a member of the Philadelphia Association, and the other to Burke Bros., who were members of the said association, and that at both places he was refused. Mr. Burke of the latter firm, having been called by plaintiff, denied that he had refused plaintiff employment, that he had told any of his men to refuse to employ him, and that he had any recollection of plaintiff's ever having made application for work.

A number of questions propounded by plaintiff to various witnesses, as to what the rules of the Manufacturers Association would have required them to do in case plaintiff had applied to them for employment, were excluded by the court. At the conclusion of the plaintiff's case the court entered a nonsuit, which the court in banc subsequently refused to take off. Plaintiff appealed.

*Errors assigned* were (1–11) the sustaining of objections to the testimony above indicated, quoting the questions; (12–14) entering and refusing to take off nonsuit.

*William W. Wiltbank,* *D. M. M. Collins* with him, for appellant.

*Rufus E. Shapley,* *Milton C. Work* and *Henry J. McCarthy* with him, for appellees.

PER CURIAM, April 18, 1892:

The plaintiff had no case upon the facts. It is useless, therefore, to discuss its law.

Judgment affirmed.